UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HECTOR NOE CHILEL LOPEZ,

Petitioner,

v.

CALIFORNIA CITY CORRECTION CENTER,

Respondent.

Case No. 26-cv-02848-JCS

**ORDER OF TRANSFER**

Petitioner seeks federal habeas relief under 28 U.S.C. § 2241 from his continued detention by the United States Department of Homeland Security (DHS) and Immigration and Customs Enforcement (ICE).  The petition indicates he is confined in California City, California.  The petition further alleges Petitioner was in court in Salt Lake City, Utah, where ICE agents "t[ook] everybody" and did so "without arrest reading their rights" or "arrest order[s]."  (ECF No. 1 at 2.)

In *Braden v. 30th Judicial Circuit Court,* 410 U.S. 484 (1973), the United States Supreme Court has made clear that "venue considerations may, and frequently will, argue in favor of adjudication of the habeas claim in the jurisdiction where the habeas petitioner is confined." *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 814 (D.C. Cir.  1988); *see also Braden*, 410 U.S. at 499 n.15; *McCoy v. United States Bd. of Parole*, 537 F.2d 962, 966 (8th Cir. 1976) (holding the district of confinement "is normally the forum most convenient to the parties").  Federal court generally exercise discretion in transferring petitions on grounds of convenience to the district of confinement "in the interests of justice" pursuant to 28 U.S.C. § 1404(a).  *Id.*

Petitioner is confined in California City, California, in Kern County, which lies within the venue of the Eastern District of California.  28 U.S.C. § 84(b). Accordingly, this action is

*United States District Court*
*Northern District of California*

TRANSFERRED to the Eastern District of California in the interests of justice. *See* 1404(a). The Clerk shall transfer this action forthwith.

**IT IS SO ORDERED.**

Dated: April 7, 2026

_____
JOSEPH C. SPERO
United States Magistrate Judge

United States District Court
Northern District of California

2